IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SUSAN CORDOVA,

       Plaintiff,

v.                                                                                                  No. CIV 08-1085 BB/RHS

SAN JUAN PUEBLO/TSAY CORPORATION d/b/a Ohkay Casino & Resort, ANTONIO SALAZAR, MELCOM ELECTRIC WARRIOR, SAN JUAN TRIBAL OFFICERS NELSON AND GUTIERREZ, individually and in their capacity as agents for Pueblo of San Juan and Tsay Corporation d/b/a Ohkay Casino & Resort,

       Defendants.

## MEMORANDUM OPINION
## IN SUPPORT OF DISMISSAL

THIS MATTER is before the Court on the Motion of Defendants Ivan Nelson and Glen Gutierrez, Tribal Officers of the San Juan Pueblo Police Department ("Tribal Officers"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. 9] requesting this Court dismiss the common law tort claims against them in Plaintiff's First Amended Complaint for Damages [Doc. 1]. Plaintiff has failed to respond and Defendants' Motion must be Granted.

## *Discussion*

Plaintiff's failure to respond to the Tribal Officers "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1. Such consent would be consistent with the applicable law.

At the time of the incident alleged in the complaint, the Tribal Officers were employed by the San Juan Pueblo Police Department and were acting in the scope of that employment. The Tribal Officers are deemed federal employees under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679. Plaintiff's common law claims against the Tribal Officers must be dismissed because naming federal employees as defendants is not sufficient to establish this Court's subject matter jurisdiction under the FTCA. *See, e.g., Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (FTCA would not have conferred jurisdiction since action thereunder must be brought against the United States rather than its agency); *Sharp Land Co. v. United States By and Through United States Environmental Protection Agency*, 956 F. Supp. 691, 694 (M.D. La. 1996) (any claims asserted against individual defendants acting in official capacities are dismissed with prejudice because United States, and not the individuals, is the only proper party); *Duvall v. United States Dep't of Agric., FMHA*, 74 F.3d 1249, No. 95-4147, 1996 WL 10905, at *1 (10th Cir. 1996) (citizen may successfully sue government only by following law that permits suit and if plaintiff fails to follow law, court must dismiss tort suit). Therefore, when Plaintiff named the Tribal Officers, as opposed to the

United States, as defendants in this case, it "resulted in a fatal lack of jurisdiction" by this Court over Plaintiff's common law tort claims against the Tribal Officers. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *Gilberg v. Stepan Co.*, 24 F. Supp. 2d 325, 346 (D.N.J. 1998).

## CONCLUSION

For the above discussed reasons, the Rule 12 motion of the Tribal Officers will be GRANTED.

_____
**BRUCE D. BLACK**
**United States District Judge**