IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SUSAN CORDOVA,

       Plaintiff,

v.                                                                         No. CIV 08-1085 BB/RHS

SAN JUAN PUEBLO/TSAY CORPORATION
d/b/a Ohkay Casino and Resort, ANTONIO
SALAZAR, MELCOM ELECTRIC
WARRIOR, SAN JUAN TRIBAL OFFICERS
NELSON AND GUTIERREZ, individually
and in their capacity as agents for Pueblo of
San Juan, Tsay Corporation d/b/a Ohkay
Casino and Resort,

       Defendants.

MEMORANDUM OPINION
AND
ORDER OF REMAND

**THIS MATTER** is before the Court on Plaintiff's *Motion to Remand* [Doc. 13] this case to the District Court for the First Judicial District, and the Court having considered all submissions of counsel, finds the motion is legally supported.

*Discussion*

This matter arose out of an incident a the Ohkay Casino on the San Juan Pueblo. Plaintiff contends she was subject to a battery, false imprisonment, and the intentional infliction of emotional distress by Casino security officers, and by tribal law

enforcement officers.  The original named Defendants in that action were the San Juan Pueblo d/b/a Ohkay Casino and Resort, and Jane Doe, Antonio Salazar, and Melcom Electric Warrior, individually and in their capacity as employees (security officers) of the Ohkay Casino and Resort.

On October 20, 2008, the New Mexico State District Court granted Plaintiff leave to amend her complaint to join as Defendants San Juan Tribal Officers Ivan Nelson and Glen Gutierrez.  These Defendants were also sued for the torts of battery, false imprisonment, and intentional infliction of emotional distress.[1]

On November 19, 2008, the United States filed a Notice of Removal alleging that at the time of the incident underlying Plaintiff's allegations, Officers Nelson and Gutierrez were acting as federal employees pursuant to the Indian Self-Determination and Education Assistance Act (ISDEA), Pub. L. 93-638 as amended 25 U.S.C. § 450 *et seq.*; by Pub. L. 101-512 § 314 (codified at 25 U.S.C. § 450(f).  Since Congress has extended coverage under the Federal Tort Claims Act (FTCA) to tribal employees acting in the scope of their employment in carrying out the ISDEA contract, the United States would be exposed to potential vicarious liability.  *See* 25 U.S.C. § 450(f).

In a memorandum opinion dated January 16, 2009, this Court dismissed the common law tort claims against Glen Gutierrez and Ivan Nelson for "a fatal" lack of

---

[1] Plaintiff also filed a second federal complaint against Officers Nelson and Gutierrez alleging constitutional, *i.e.*, *Bivens*, violations which she represents "is in the process of being dismissed by stipulation."  Pltf's Reply Br. at 2.

subject matter jurisdiction [Doc. 10].  Defendants maintain that the remaining claims against the Pueblo of San Juan are based in part on the actions of Officers Nelson and Gutierrez and should be deemed actions against the United States.  There are two problems with this argument.  First, the United States made no such assertion in removing the action and it is clear the United States and the Pueblo are in fact different sovereigns.  *United States v. Wheeler*, 435 U.S. 313, 323-4 (1978); *Worcester v. Georgia*, 31 U.S. 515, 559 (1832).  Second, the United States likely realized the FTCA would provide immunity to federal officers in this situation.  The Fifth Circuit found no FTCA waiver of sovereign immunity for intentional torts like battery and false imprisonment on substantially identical facts in *Hebert v. United States*, 438 F.3d 483, 486-7 (5th Cir. 2006); *see also Washakie v. United States*, 2006 WL 2938854 (D. Id.).

## O R D E R

For the above stated reasons, Plaintiff's *Motion* is GRANTED, and this case is REMANDED to the First Judicial District Court, State of New Mexico.

SO ORDERED this 31st day of March, 2009.

_____
**BRUCE D. BLACK**
**United States District Judge**